IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARIS LAVAR GANTZ, | : | Civil No. 3:19-cv-58 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| JOHN WETZEL, MARK GARMAN, PA STATE ATTORNEY GENERAL, | : | |
| Respondents | : | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Paris Lavar Gantz ("Gantz"), an inmate incarcerated at the State Correctional Institution, Rockview, in Bellefonte, Pennsylvania. (Doc. 1). Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R. 4, and, for the reasons set forth below, the petition will be dismissed without prejudice.

I. **Background**

Gantz alleges that, on December 30, 2014, officers with the Reading Police Department arrested him and transported him to the Berks County Jail. (Doc. 1, p. 3). Gantz alleges that while housed at the Berks County Jail, he suffered physical injuries in the nature of two hemorrhages in his leg. (*Id.*). On March 15, 2016, Gantz was transferred to the custody of the Pennsylvania Department of Corrections ("DOC"). (*Id.* at p. 4).

Gantz contends that he is confined "without compensation nor understanding to the

cause or nature to Petitioner's detention." (*Id.*). He asserts that he requested copies of his arrest warrant and affidavit of probable cause. (*Id.* at pp. 4-5).

Gantz further alleges that, on July 28, 2017, an "inmate/agent" of the DOC assaulted him and cut his forehead with a razor blade, causing a permanent scar. (*Id.* at pp. 6, 8).

For relief, Gantz seeks a writ of habeas corpus directing Respondents to provide information regarding the nature and length of his confinement. (*Id.* at p. 7). Additionally, Gantz seeks compensation for his purported confinement without a warrant, and monetary damages for his injuries, and pain and suffering. (*Id.* at pp. 7-8).

## II. Standard of Review - Screening

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2254 must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Patton v. Fenton*, 491 F. Supp. 156, 158 (M.D. Pa. 1979). "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v. Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)).

## III. Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer*, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." *Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that Gantz does not seek speedier or immediate release from custody. Rather, he appears to challenge the legality of his present incarceration. Furthermore, he sets forth claims pertaining to physical injuries he sustained during his incarceration and seeks compensation related to his purported injuries. Gantz appears to set forth claims sounding in both habeas corpus and federal civil rights. With

3

respect to Gantz's claims challenging the legality of his commitment and detention, the appropriate remedy is a petition for writ of habeas corpus. However, because Gantz is also seeking relief based on the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action. Consequently, the petition will be dismissed without prejudice to any right Gantz may have to reassert his present claims in a properly filed habeas petition and a separate, properly filed civil rights complaint.[1] See *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (stating that inmates should use habeas corpus when they seek to invalidate the duration of confinement directly or indirectly); *see also Leamer*, 288 F.3d at 540 ("Section 1983 . . . provides for liability on the part of any state actor who 'subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'").

A separate Order shall issue.

Dated: January 30, 2019

Robert D. Mariani
United States District Judge

---

[1] This Court expresses no opinion as to the ultimate success of any habeas petition or civil rights complaint Gantz may file.